Lori A. WHITE, Appellant–
Petitioner/Counter–
Respondent,

v.

Brian D. WHITE, Appellee–
Respondent/Counter–
Petitioner.

No. 45A04–0404–CV–187.

Court of Appeals of Indiana.

Nov. 5, 2004.

Michael A. Fish, Terrell & Thrall, LLP, Valparaiso, IN, Attorney for Appellant.

## OPINION

SULLIVAN, Judge.

Lori White appeals from the trial court's determination that the lien held by her former husband, which arose out of their property settlement, is a consensual lien. The sole issue she presents for our review is whether the lien should instead be classified as a judicial lien.

We reverse.

Brian and Lori White were divorced in 1999. At the time of the dissolution, they entered into a property settlement agreement which was approved by the court. The following provision was contained within that agreement:

"6. The parties agree that Husband shall receive the aforementioned sum of $18,598.00 upon the sale of the marital residence, and until such time, Husband shall hold a valid *Judgment Lien* against the property by recording this order on the Lis Pendens record in Lake County, Indiana; however, the Husband agrees to subordinate the *Judgment Lien* granted to him, herein, in the amount of $18,598.00 to any subsequent mortgage lender so as to facilitate Wife's efforts to refinance the marital residence for an amount not to exceed Fifty–Five Thousand and 00/100 ($55,000.00). In exchange for said sum, Husband agrees to assume the following debts and hold Wife harmless for same: first Sears account, second Sears account, Discover Card account, Kohl's account and the Carson Pirie Scott account. Wife agrees not to incur any further debts in Husband's name." Appendix at 4 (emphasis supplied).

Following the divorce, Lori filed for Chapter 7 bankruptcy on June 3, 2002. At that time, she sought to avoid the lien held by Brian.[1] Brian filed an objection to Lori's motion to avoid the lien, claiming that the lien referred to in the settlement agreement was not a judicial lien but rather a security interest or consensual lien. The United States Bankruptcy Court for the Northern District of Indiana ordered that the issue of the classification of the lien be decided by the Lake Superior

---

1. According to 11 U.S.C. § 522(f)(1) (2004), a debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled if such lien is a judicial lien, other than a judicial lien which secures a debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record.

Court. As a result, Lori petitioned the Lake Superior Court to determine the classification of the lien. Following a hearing upon the matter, the Lake Superior Court ruled that it was a consensual lien.

■ We first note that Brian did not to file an appellee's brief. When the appellee does not submit a brief, we apply a less stringent standard of review with respect to showings of reversible error. *Murfitt v. Murfitt*, 809 N.E.2d 332, 333 (Ind.Ct.App. 2004). We may reverse if the appellant establishes prima facie error, that is, error at first sight, on first appearance, or on the face of it. *Id.* When the appellant fails to sustain that burden, we will affirm. *Id.* We do not undertake the burden of developing arguments for the appellee. *Id.*

■ The resolution of the issue before us turns upon the form the parties intended the lien to take at the time the property settlement was entered. Upon dissolution of a marriage, the parties are free to draft their own settlement agreement. *Ogle v. Ogle*, 769 N.E.2d 644, 647 (Ind.Ct.App. 2002), *trans. denied.* Such agreements are contractual in nature and become binding upon the parties once the trial court merges and incorporates such into the divorce decree. *Id.* When interpreting settlement agreements, we apply the general rules applicable to the construction of contracts. *Id.* We employ the same standard of review as applied by the trial court, that is, unless the terms of the contract are ambiguous, they will be given their plain and ordinary meaning. *Id.* Where the terms of a contract are clear and unambiguous, the terms are conclusive, and we will not construe the contract or look to extrinsic evidence, but will merely apply the contractual provisions. *Id.* The terms of a

contract are not ambiguous merely because the parties disagree as to the proper interpretation of the terms. *Id.*

■ In this case, the parties labeled the lien as a "judgment lien." Title 11 does not define a judgment lien, but it does define a judicial lien. A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36) (1993). Black's Law Dictionary defines a judicial lien the same way. It also defines a judgment lien as a "lien imposed on a judgment debtor's nonexempt property. This lien gives the judgment creditor the right to attach the judgment debtor's property." Black's Law Dictionary 943 (8th ed.2004). It in turn defines nonexempt property as "debtor's holdings and possessions that a creditor can attach to satisfy a debt." *Id.* at 1080.

Applying these definitions to the situation before us, we have a "judgment lien" as defined by the parties. Furthermore, its basis is a judgment against Lori created by the settlement agreement. At the time that the lien was created, the house was "nonexempt property" in the sense that the lien could be imposed upon that property and Brian could attach the property under the appropriate circumstances. Because a "judicial lien" is one obtained by judgment, the lien also qualifies as a "judicial lien" for purposes of Title 11 of the U.S.Code. Whether the bankruptcy court ultimately determines that the lien may be avoided such that the property is "exempt" for purposes of applying the bankruptcy provisions is a separate question. Needless to say, for purposes of Indiana law in classifying liens, a "judgment lien" is a "judicial lien." [2]

---

2. The trial court's order does not indicate how the court determined that the lien was a "consensual lien." However, it is apparent from the arguments at the hearing that Brian attempted to characterize the lien as being "consensual" because the parties voluntarily

The trial court's determination that the lien is a "consensual lien" is reversed.

NAJAM, J., and BARNES, J., concur.

negotiated the terms of the settlement agreement and the lien was not forced upon them by the court. While that may be so, the fact remains that the parties chose to classify the lien as a "judgment lien." In *Joyce v. Joyce,* 627 N.E.2d 825, 827 n. 1 (Ind.Ct.App.1994), *trans. denied,* this court, in determining whether a judgment lien was enforceable, stated that parties should include language in settlement agreements to describe a security, bond, or other guarantee for payment of the judgment so as to show the clear intent of the parties as to whether the judgment lien statute or the security for payment statute applied. Here, the parties showed their clear intent by naming the lien a "judgment lien."