ATTORNEY FOR APPELLANT
Donald E.C. Leicht
Kokomo, Indiana

ATTORNEY FOR APPELLEE
Katherine J. Noel
Kokomo, Indiana

# In the
# Indiana Supreme Court

No. 34S04-0805-CV-304

STEPHANIE BAILEY,

*Appellant (Petitioner below),*

v.

LEWIS MANN,

*Appellee (Respondent below).*

Appeal from the Howard Superior Court, No. 34D02-0703-DR-295
The Honorable Stephen Jessup, Special Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 34A04-0709-CV-506

**October 29, 2008**

**Boehm, Justice.**

The parties entered into a property settlement agreement awarding a jointly leased automobile to the wife. There was no express requirement in the agreement that the wife remove the husband's name from the lease. We hold that the law does not imply such a requirement in the absence of an express provision addressing it.

**Facts and Procedural History**

On May 16, 2007, the Howard Superior Court entered a Summary Dissolution Decree dissolving the marriage of Stephanie Bailey and Lewis Mann. The parties' Property Settlement Agreement, incorporated by the Summary Dissolution Decree, awarded the wife a leased Pontiac G-6. The lease is not in the record. The parties agree that the husband and wife were jointly ob-

ligated for lease payments.  The provisions of the Property Settlement Agreement relevant to this case are:

> Property Awarded to [Wife].  Except as herein specifically provided otherwise, [Wife] shall take as her separate assets all property, both real and personal, tangible and intangible, that she owned prior to marriage, including but not limited to the residence . . . (subject to the mortgage thereon), the Pontiac G-6 (subject to the lease thereon), together with all personal property in her possession and accounts with financial institutions existing in her name alone.  In addition to the joint debt (lease) on the Pontiac G-6, [Wife] shall pay all debts in her name only.
>
> . . . .
>
> Indemnity And Implementation.  Each of the parties agrees to:  (A) assume and pay as due any indebtedness (1) which he or she incurred prior to the date of filing, but which was not assigned above and/or (2) which he or she incurred after the date of filing, (B) indemnify and save harmless the other as to those obligations assumed hereunder, and (C) promptly execute such documents as may be reasonably required to give full force and effect to the terms and spirit of this Agreement.

After the dissolution, the wife made the required monthly lease payments.  However, the husband continued to receive monthly statements from the lender.  The husband filed a Verified Motion to Show Cause, alleging that the wife's failure to remove his name from the lease violated the Dissolution Decree.  He also requested attorney fees.  The wife responded that the motion was "frivolous, baseless, or groundless," and requested attorney fees.

After a hearing, the trial court ordered the wife to remove the husband's name from the lease.  The trial court explained

> [The wife] is not in contempt of Court because the language is susceptible of two interpretations.  I also find that this was not brought facetiously by the [husband].  The way I interpret it is that this is something she should do even though it doesn't say that accurately so I'm showing not in contempt, motions for attorney's fees denied, each of you pay your own lawyer's fees.

The trial court stayed its order requiring the wife to remove the husband's name from the lease pending her appeal.

The Court of Appeals affirmed the trial court in an unpublished memorandum decision. Bailey v. Mann, No. 34A04-0709-CV-506, slip op. at 2 (Ind. Ct. App. Feb. 20, 2008).  The Court of Appeals agreed with the trial court's conclusion that the Property Settlement Agreement was ambiguous, and held that the trial court correctly ordered the wife to remove the husband's name

2

from the lease to effectuate the "spirit" of the Property Settlement Agreement. Id. at 4–5. Judge Kirsch dissented, observing the difficulty and expense of removing a party from a joint debt. Id. at 6–7. Judge Kirsch would have reversed the trial court because there was no indication that the wife expected to refinance the lease, and although the husband "was free to negotiate a provision in the settlement agreement that Wife would remove his name from any joint obligation," he had not done that. Id. at 7. We granted transfer.

### Interpretation of the Property Settlement Agreement

When dissolving a marriage, the parties are free to craft an agreement providing for the maintenance of either party, the custody and support of the parties' children, and the disposition of property. Ind. Code § 31-15-2-17 (2004). Settlement agreements become binding contracts when incorporated into the dissolution decree and are interpreted according to the general rules for contract construction. Shorter v. Shorter, 851 N.E.2d 378, 382–83 (Ind. Ct. App. 2006) (citing Myers v. Myers, 560 N.E.2d 39, 42 (Ind. 1990); White v. White, 819 N.E.2d 68, 70 (Ind. Ct. App. 2004)). Unless the terms of the agreement are ambiguous, they will be given their plain and ordinary meaning. Shorter, 851 N.E.2d at 383. Interpretation of a settlement agreement, as with any other contract, presents a question of law and is reviewed de novo. Id. (citing S.C. Nestel, Inc. v. Future Constr., Inc., 836 N.E.2d 445, 449 (Ind. Ct. App. 2005)).

Here, neither party suggests that the Property Settlement Agreement is ambiguous. Rather, the parties dispute what is required to "give full force and effect to the terms and spirit of this Agreement." The husband argues that the provision that the wife "shall take as her separate assets" requires the wife to remove the husband's name from the lease, and that the parties would not have "intended to bootstrap themselves together after the dissolution was finalized." The wife responds that the language "Pontiac G-6 (subject to the lease thereon)" and "joint debt" made clear that she was assuming the obligation under the existing lease in both names, rather than promising to refinance in her name alone. She contends that she is giving full force and effect to the terms and spirit of the Agreement by making the monthly payments.

We agree with the wife and Judge Kirsch. The Property Settlement Agreement requires the wife to make payments on the lease, but does not require her to refinance or remove the husband's name from the lease. The husband is correct that the agreement provides the wife with

3

"separate" assets. However, the term "separate" is used generally to describe all assets, and the phrases "subject to the lease thereon" and "joint debt" specifically modify the Pontiac G-6. As Judge Kirsch pointed out, the husband was free to negotiate a provision explicitly requiring the wife to remove his name from the lease. In fact, property settlement agreements frequently cover refinancing and removal of one party's name from a joint debt. E.g., Phillips v. Delks, 880 N.E.2d 713, 715 (Ind. Ct. App. 2008) ("Husband shall have three (3) years . . . to either refinance or sell the properties and remove Wife's name from the indebtedness."); White, 819 N.E.2d at 69 (requiring husband to subordinate his judgment lien "so as to facilitate Wife's efforts to refinance the marital residence for an amount not to exceed Fifty-Five Thousand and 00/100"); Dawson v. Dawson, 800 N.E.2d 1000, 1004 (Ind. Ct. App. 2003) (requiring husband to "refinance or otherwise satisfy the second mortgage").

For several reasons, notably the desire to avoid refinancing costs, one or both of the parties may have agreed to leave both names on the lease or omitted to address the issue. We therefore do not find a requirement to remove the husband's name to be an inevitable inference from an award of the vehicle to the wife. In the event the wife fails to make payments, the trial court may find her in contempt and award the husband monetary damages for injury to his credit, as well as for any inconvenience and frustration he may have suffered. Phillips, 880 N.E.2d at 720 (citing City of Gary v. Major, 822 N.E.2d 165, 172 (Ind. 2005)).

We summarily affirm the decision of the Court of Appeals on the issue of the wife's attorney fees. Ind. Appellate Rule 58(A)(2).

**Conclusion**

We reverse the part of the trial court's order requiring the wife to remove the husband's name from the Pontiac G-6 lease and affirm the part denying the wife's motion for attorney fees.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.