**Howard Allen DEEL, Appellant–Petitioner,**

v.

**Albia Ruth DEEL, Appellee–Respondent.**

No. 11A01–0812–CV–590.

Court of Appeals of Indiana.

July 20, 2009.

Elden E. Stoops, Jr., Law Offices of Elden E. Stoops, Jr. P.C., Terre Haute, IN, Attorney for Appellant.

Tracy M. Weber, Wilkinson, Goeller, Modesitt, Wilkison & Drummy, LLP, Terre Haute, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Howard Allen Deel ("Husband") appeals the trial court's ruling following contempt proceedings brought by his former wife Albia Ruth Deel ("Wife") for failure to

comply with the Decree of Dissolution of Marriage ("Decree"). Husband raises the following restated issues for our review:

I. Whether the trial court erred in finding Husband in contempt of court for failure to pay Wife's medical insurance premiums; and

II. Whether the trial court erred in determining that the monthly payments made to Wife constituted a property settlement as opposed to spousal maintenance and ordering Husband to revise his prior tax returns to reflect this determination.

We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

Wife filed her Petition for Dissolution of Marriage with the Clay Circuit Court in 2004. In 2005, Husband and Wife agreed to the terms of a property settlement agreement drafted by Wife's attorney. Husband was not represented by counsel prior to or during the dissolution proceedings. The trial court then entered the Decree which incorporated the property settlement agreement. The paragraphs of the Decree relevant to this case are:

9. MEDICAL INSURANCE

The parties are currently insured for health through ICHIA. Husband agrees to pay the health insurance premiums for Wife until such time as she is covered by Medicare. Any Medicare supplement will be paid by the Wife.

10. CASH SETTLEMENT

Husband agrees to pay to Wife the sum of Two Thousand Eight Hundred Dollars ($2,800.00) per month until Wife reaches Age 65. Said payments are for Wife's support and maintenance and as a cash settlement of all of her property rights involved in this dissolution.

*Appellee's App.* at 4.

After the dissolution, Husband made the required monthly payments to Wife. In July 2007, the IRS notified Wife that Husband deducted the monthly payments as spousal maintenance on his 2005 tax returns. The IRS assessed Wife $6,149.09 in taxes on the income from the previous payments, which she paid under protest. In September 2007, Wife's attorney sent a letter to Husband stating that it was inappropriate for Husband to deduct the payments in his income taxes as spousal maintenance under the terms of the Decree. Additionally, the letter advised that Husband had failed to make any of the medical insurance premium payments in accordance with Paragraph 9 of the Decree and requested reimbursement for her medical insurance premiums. Husband continued to make the monthly payments in accordance with the Paragraph 10 of the Decree, but he did not comply with the demands of the letter.

In March 2008, Wife filed an Affidavit for Rule to Show Cause petitioning the trial court to find Husband in contempt of the Decree. First, Wife requested that Husband be ordered to pay the medical insurance premiums pursuant to Paragraph 9 and reimburse her for the premiums she had already paid. Second, Wife requested that Husband be ordered to repay Wife for the 2005 tax assessment, refrain from deducting further monthly payments as spousal maintenance, and amend prior tax returns in which he had done so. In August 2008, the trial court conducted a hearing on the Rule to Show Cause petition and, in September 2008, entered its order finding Husband in contempt of court for failing to comply with Paragraph 9 of the Decree. The trial court ordered Husband to pay Wife $25,895.06, plus interest, and attorney's fees. In regards to Paragraph 10, the trial court did not hold Husband in contempt because it found he did not knowingly

violate the Decree. The court stated, "[a]lthough Paragraph 10 is entitled 'Cash Settlement' and clearly contains a majority of the factors which would determine said cash settlement to be a periodic post-dissolution payment to settle property rights, it does contain the unfortunate language: 'said payments are for Wife's support and maintenance and as a cash settlement of all of her property rights involved in the dissolution.'" *Appellant's Br.* However, the trial court then went on to declare Paragraph 10 as the parties' settlement of the Wife's property rights. The court ordered Husband to amend his 2005, 2006, and 2007 State and Federal income taxes accordingly. Husband now appeals.

## DISCUSSION AND DECISION

### I. Contempt for Failure to Pay Medical Insurance Premiums

Husband contends that the trial court erroneously held him in contempt because he believed the parties had agreed, when drafting the settlement agreement, to include the medical insurance premium payments ordered in Paragraph 9 in the monthly payments set out in Paragraph 10. Husband concedes that the Decree does not include language to that effect, but argues that it was in fact the intent of the parties and is reflected in their behavior for the two years following the dissolution. In support of his position, Husband specifically points to the fact that Wife paid the premiums for over two years without either requesting additional payments or notifying Husband of increases to the premiums. Finding that Paragraph 9 of the Decree is unambiguous, and sufficient evidence existed to support the trial court's contempt order, we disagree with Husband's contentions.

In order to be held in contempt for failing to comply with a court order, a party must have willfully disobeyed the

order. *City of Gary v. Major,* 822 N.E.2d 165, 170 (Ind.2005) (citing *Ind. High Sch. Athletic Ass'n v. Martin,* 765 N.E.2d 1238, 1241 (Ind.2002)). "The order must have been so clear and certain that there could be no question as to what the party must do, or not do, and so there could be no question regarding whether the order is violated." *Id.* (citing *Martin,* 765 N.E.2d at 1241). "A party may not be held in contempt for failing to comply with an ambiguous or indefinite order." *Id.* "Otherwise, a party could be held in contempt for obeying an ambiguous order in good faith." *Id.* (citing *Bowyer v. Ind. Dep't of Natural Res.,* 798 N.E.2d 912, 918 (Ind.Ct. App.2003)). The determination of whether a party is in contempt of court is a matter left to the trial court's discretion. *Id.* at 171 (citing *Hancz v. City of South Bend,* 691 N.E.2d 1322, 1324 (Ind.Ct.App.1998)). We will reverse a trial court's finding of contempt only where there is no evidence or inferences from the record to support it. *Id.* As with other sufficiency matters, we will neither reweigh the evidence nor judge witness credibility. *Mitchell v. Mitchell,* 871 N.E.2d 390, 394 (Ind.Ct.App. 2007).

All orders contained within a dissolution of marriage decree may be enforced by contempt. Ind.Code § 31–15–7–10. When dissolving a marriage, parties are free to negotiate their own settlement agreements and may incorporate those into a dissolution decree. *Bailey v. Mann,* 895 N.E.2d 1215, 1217 (Ind.2008) (citing Ind.Code § 31–15–2–17). The settlement agreements then become binding contracts and are interpreted according to the general rules of contract construction. *Bailey,* 895 N.E.2d at 1217 (citing *Shorter v. Shorter,* 851 N.E.2d 378, 382–83 (Ind.Ct. App.2006)). The interpretation and construction of contract provisions is a function for the courts. *Stenger v. LLC Corp.,*

819 N.E.2d 480, 484 (Ind.Ct.App.2004), *trans. denied.* Interpretation of a settlement agreement, as with any other contract, presents a question of law and is reviewed *de novo. Bailey,* 895 N.E.2d at 1217.

◼ Here, the trial court noted in its contempt order that "Paragraph 9 of the Dissolution of Marriage Decree concerning medical insurance is not ambiguous in any way, and in light of all the evidence presented at the hearing, the Court rejects [Husband's] explanation of all the evidence presented at the hearing." *Appellant's Br.* Husband concedes that Paragraph 9 is unambiguous and does not argue that Paragraphs 9 and 10 reference each other. According to contract law, unambiguous terms should be given their plain and ordinary meaning. *Bailey,* 895 N.E.2d at 1217 (citations omitted). Furthermore, unambiguous terms are conclusive, and we do not construe the contract or look to extrinsic evidence, but will merely apply the contractual provisions. *Fackler v. Powell,* 891 N.E.2d 1091, 1096 (Ind.App.Ct.2008). Because the Husband agrees the terms are unambiguous, in accordance with contract law, the terms must be read within the four corners of the document and given their plain and ordinary meaning. *Id.* Therefore, we agree with the trial court that Paragraph 9 of the Decree is unambiguous and required separate payments by Husband.

Regarding the finding of contempt, Husband admits that he did not make any payments toward the medical insurance premiums separate from the payments made pursuant to Paragraph 10 of the Decree. Wife testified and presented evidence at trial that her attorney sent Husband a notice and demand for payment of the medical insurance premiums one year prior to the initiation of contempt proceedings. Husband's admission that he did not make separate payments was sufficient to support the trial court's contempt finding. The trial court did not err in finding Husband in contempt for failing to pay Wife's medical insurance premiums.

## II. Property Settlement Payments

◼ Husband contends that the court erroneously determined that Paragraph 10 of the Decree was a property settlement and not spousal maintenance. Husband first contends that the trial court erred when it interpreted and modified the Decree because the action was brought for contempt and not modification. He argues that the Affidavit for Rule to Show Cause did not raise whether the meaning of Paragraph 10 was a property settlement or spousal maintenance as an issue, and therefore, he was not given proper notice. Indiana Trial Rule 15(B) provides that if "issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." At the opening of the contempt hearing when asked by the trial court to outline the issues, Wife's attorney stated, "We need a determination of whether or not it is spousal maintenance or whether or not it is a property settlement." *Appellee's App.* at 1–2. Husband's attorney, when asked how he would frame the issues, stated, "I would agree with what counsel indicated, just simply suffice it to say I'm on the opposite side.... And then in Paragraph 10 the allocation of whether it's going to be property settlement or spousal maintenance is, of course, the second issue. And we would suggest [to] the court that it is not a matter of contempt in either case. It's a matter of interpretation." *Appellee's App.* at 1–2. Following a review of the record, we note that, during the hearing, both parties argued how to interpret Paragraph 10 and subsequently submitted briefs at the close of the hearing. By agreeing to Wife's counsel's statement of the issues

and failing to object, Husband has waived any argument that he did not have proper notice.

■■■ Husband also argues that the ambiguity in Paragraph 10 should be interpreted against Wife because it was her attorney who drafted the agreement. Wife argues that the trial court correctly determined, using the indicative factors recognized by this court, that Paragraph 10 was a property settlement and not spousal maintenance. *See Brinkmann v. Brinkmann,* 772 N.E.2d 441, 445 (Ind.Ct. App.2002).

As stated above, a property settlement incorporated into a divorce decree is interpreted using principles of contract law. *Bailey,* 895 N.E.2d at 1217. In matters of contract law, we review the trial court's decision *de novo. Id.* A contract is ambiguous if a reasonable person would find the contract subject to more than one interpretation. *Fackler,* 891 N.E.2d at 1096. "If the terms of the contract are unclear, ambiguous, or capable of more than one interpretation, we will construe them to determine and give effect to the intent of the parties at the time they entered into the contract." *In re Kemper Ins. Cos.,* 819 N.E.2d 485, 490 (Ind.Ct.App.2004), *trans. denied.*

Paragraph 10 of the Decree, entitled "Cash Settlement," stated that the monthly payments are for Wife's "support and maintenance and as a cash settlement of all her property rights involved in this dissolution." *Appellee's App.* at 4. We conclude that the Decree is ambiguous because it contains both the phrases "support and maintenance" and "cash settlement of all her property rights."

■■■ To resolve the ambiguity, we consider various factors to determine whether the clause is one for maintenance or part of a property settlement. *Mackey v. Estate of Mackey,* 858 N.E.2d 1038, 1043 (Ind.Ct.App.2006) (citing *In re Marriage of Buntin,* 496 N.E.2d 1351, 1353–54 (Ind. Ct.App.1986)). The factors indicating that a payment was maintenance are: (1) the designation as maintenance; (2) provision terminating the payments upon death of either party; (3) payments made from future income; (4) provisions for termination upon remarriage; (5) provisions calling for the modification based upon future events; (6) and payments for an indefinite period of time. *Id.* On the other hand, property settlements are indicated when: (1) the payments are for a sum certain payable over a definite period of time; (2) there are no provisions for modification based on future events; (3) the obligation to make payments survives the death of the parties; (4) the provisions call for interest; and (5) the award does not exceed the value of the marital assets at the time of dissolution. *Id.; see also Brinkmann,* 772 N.E.2d at 445.

Here, we conclude that the provision was a not property settlement and was spousal maintenance for a number of reasons:

First, the agreement itself provided that the payments were "for Wife's support and maintenance and as a cash settlement of all of her property rights." While we conclude that this provision is ambiguous, it clearly indicates that Wife's support and maintenance were within the contemplation of the parties in entering into their agreement. The termination of payments at age sixty-five coincides with Wife becoming eligible for Social Security and Medicare. This time period indicates that the payments were for Wife's support until government sources became available. This conclusion is strengthened by Wife's testimony that she was unable to work during this time because of health issues and used the payments for living expenses.

Second, the payments were made from Husband's future earnings.

Third, the sum and duration of the payments were uncertain because the decree does not include an obligation for Husband to continue payments if Wife died prior to attaining the age of sixty-five.

Fourth, there is no provision for interest.

 Finally, the Wife's attorney drafted the property settlement agreement. "We construe any contract ambiguity against the party who drafted it." *Time Warner Entm't Co. v. Whiteman,* 802 N.E.2d 886, 894 (Ind.2004). Therefore, we resolve the ambiguity as to whether the provision was maintenance or property settlement against Wife. We conclude that the trial court erred in determining that the monthly payments made to Wife constituted a property settlement as opposed to spousal maintenance and in ordering Husband to revise his prior tax returns to reflect this determination.

We affirm the trial court's finding that Husband was in contempt for nonpayment of Wife's medical insurance premiums. We reverse its ruling that Paragraph 10 of the Decree was a property settlement and not maintenance and ordering Husband to amend his income tax returns accordingly.

Affirmed in part, reversed in part.

RILEY, J., and MATHIAS, J., concur.

**J.D., Appellant–Defendant,**