**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**
Mar 21 2014, 6:59 am
*Kevin S. Smith*
**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**R. CORDELL FUNK**
R. Cordell Funk, LLC
Crown Point, Indiana

ATTORNEY FOR APPELLEE:

**APRIL L. BOARD**
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

BARBARA LOOMIS,         )
         )
  Appellant-Petitioner,    )
         )
      vs.       )    No. 45A03-1307-DR-252
         )
JAMES LOOMIS,         )
         )
  Appellee-Respondent.    )

APPEAL FROM THE LAKE CIRCUIT COURT
The Honorable George C. Paras, Special Judge
Cause No. 45C01-1209-DR-737

**March 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

# CASE SUMMARY

Appellant-Petitioner Barbara Loomis ("Wife") and Appellee-Respondent James Loomis ("Husband") divorced in August of 1989. They are the parents of two adult sons, A.L. and N.L. On July 18, 2008, Husband and Wife entered into a mediation settlement agreement (the "Agreement"). Pursuant to the terms of the Agreement, Husband agreed to pay $18,000.00, to be divided equally between A.L. and N.L., and Wife agreed to dismiss any remaining claims against Husband relating to child support. The Agreement further stated that Husband would pay $1,000.00 at the time the parties entered into the Agreement and the remaining $17,000.00 within ninety days of the date that the parties entered into the Agreement. However, the parties subsequently acknowledged that Husband would not be able to pay the remaining $17,000.00 within ninety days and agreed to an extension.

On December 15, 2009, Wife filed a motion seeking a determination that Husband breached the Agreement by failing to satisfy his financial obligation as proscribed by the Agreement. As a result of the alleged breach, Wife requested that Husband be ordered to pay interest, damages, and fees. Alternatively, Wife requested that the trial court order Husband to comply with the terms of the Agreement. On February 23, 2013, the trial court conducted an evidentiary hearing on Wife's motion. During this hearing, Husband presented evidence demonstrating that he had satisfied the Agreement by paying the entire $18,000.00 to the parties' sons as proscribed by the terms of the Agreement. Following the conclusion of the evidentiary hearing, the trial court found that Husband had not breached the Agreement. The trial court also denied Wife's request for interest, damages, and fees.

On appeal, Wife challenges the trial court's determination that Husband did not breach the Agreement. Wife also challenges the trial court's denial of her request for interest, damages, and fees. On cross appeal, Husband requests appellate attorney's fees. Finding no error by the trial court and concluding that Husband is not entitled to an award of appellate attorney's fees, we affirm.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife divorced on August 28, 1989. *Loomis v. Loomis*, 45A03-0607-CV-300 *1 (Ind. Ct. App. April 24, 2007). They are the parents of two adult sons, A.L. and N.L. *Id.* In the years following their divorce, Husband and Wife have been engaged in various disputes relating to parenting time and Husband's child support obligations.

On July 18, 2008, Husband and Wife entered into the Agreement. Pursuant to the terms of the Agreement, Husband agreed to pay $18,000.00, to be divided equally between A.L. and N.L. A portion of the sum due to A.L. was to be applied to the remaining balance on A.L.'s student loan. In exchange for Husband agreeing to pay $18,000.00 to the parties' sons, Wife agreed to dismiss any remaining claims against Husband relating to the parties' divorce or child support. The Agreement further stated that Husband would pay $1,000.00 at the time the parties entered into the Agreement and the remaining $17,000.00 within ninety days of the date that the parties entered into the Agreement. Husband paid the $1,000.00 pursuant to the terms of the Agreement. However, the parties subsequently acknowledged that Husband would not be able to pay the remaining $17,000.00 within ninety days and agreed to an extension. The extension provided that Husband would pay the remaining

3

$17,000.00 when his now-wife received a financial settlement to which she was entitled from her ex-husband.

On December 15, 2009, Wife filed a motion seeking a determination that Husband breached the Agreement by failing to pay the remaining $17,000.00 as proscribed by the Agreement. As a result of Husband's alleged breach, Wife requested interest, damages, and fees. Alternatively, Wife requested that the trial court order Husband to comply with the terms of the Agreement. On February 23, 2013, the trial court conducted an evidentiary hearing on Wife's motion. During this hearing, Husband presented evidence demonstrating that he had satisfied the terms of the Agreement by paying the entire $18,000.00 to the parties' sons as proscribed by the terms of the Agreement. Following the conclusion of the evidentiary hearing, the trial court found that Husband had not breached the Agreement. The trial court also denied Wife's request for interest, damages, and fees. This appeal follows.

## DISCUSSION AND DECISION

On appeal, Wife contends that the trial court erroneously determined that Husband did not breach the Agreement. Wife also contends that even if the trial court correctly determined that Husband did not breach the Agreement, the trial court erroneously denied her request for interest, damages, and fees. For his part, Husband contends that the trial court correctly determined that he did not breach the Agreement and denied Wife's request for interest, damages, and fees. Husband also asserts a request for appellate attorney's fees.

### I. Standard of Review

When resolving disputes concerning child support and related issues, parties are free

4

to negotiate their own settlement agreements. *See generally Deel v. Deel*, 909 N.E.2d 1028, 1032-33 (Ind. Ct. App. 2009) (providing that parties are free to negotiate their own divorce settlements). In fact, Indiana courts strongly favor settlement agreements. *Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind. Ct. App. 2011) (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)). Once the parties reach a settlement agreement, the settlement agreement becomes a binding contract and is interpreted according to the general rules of contract construction. *Deel*, 909 N.E.2d at 1032 (citing *Bailey v. Mann*, 895 N.E.2d 1215, 1217 (Ind. 2008)). The interpretation and construction of contract provisions is a function for the courts. *Id.* (citing *Stenger v. LLC Corp.*, 819 N.E.2d 480, 484 (Ind. Ct. App .2004), *trans. denied*). "Interpretation of a settlement agreement, as with any other contract, presents a question of law and is reviewed de novo." *Id.* at 1033 (citing *Bailey*, 895 N.E.2d at 1217).

Further, where, as here, the trial court issues findings of fact and conclusions thereon, "we apply the following two-tiered standard of review: whether the evidence supports the findings, and whether the findings support the judgment. *Fowler v. Perry*, 830 N.E.2d 97, 102 (Ind. Ct. App. 2005).

> The trial court's findings and conclusions will be set aside only if they are clearly erroneous, i.e., when the record contains no facts or inferences supporting them. [*Learman v. Auto Owners Ins. Co.*, 769 N.E.2d 1171, 1174 (Ind. Ct. App. 2002), *trans. denied*]. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* We neither reweigh the evidence nor assess the credibility of witnesses, but consider only the evidence most favorable to the judgment. *Clark v. Crowe*, 778 N.E.2d 835, 839-40 (Ind. Ct. App. 2002).

*Id.*

## II. Husband's Alleged Breach of the Agreement

5

Again, Wife contends that the trial court erroneously determined that Husband did not breach the Agreement. In raising this contention, Wife claims that a number of the findings made by the trial court are not supported by the record. We will address each in turn.

**A. Finding Number 6**

Wife claims that Finding Number 6 is not supported by the evidence. Finding Number 6 provides as follows:

> The evidence and circumstances were clear that, although there were time frames set forth in the mediated agreement, time was not of the essence for the payments contemplated therein.

Appellant's Br. Appendix A. In challenging this finding, Wife argues that the trial court misinterpreted the clear intent of the parties by ignoring the timeline set forth in the Agreement for Husband's satisfaction of his financial obligation under the Agreement. However, our review of the record clearly demonstrates that the trial court did not misinterpret the parties' intent or err in determining that time was not of the essence for the payments contemplated by the Agreement.

The Agreement stated that Husband was to pay the remaining $17,000.00 to the parties' sons within ninety days of the date that the parties entered into the Agreement. However, the record demonstrates that the parties soon thereafter agreed that the ninety-day deadline would be extended until the time in which Husband's now-wife received a financial settlement from her ex-husband. Wife acknowledged this extension in her December 15, 2009 request for sanctions, alternatively, or to enforce the Agreement. In addition, it is important to note that at the time the parties agreed to the extension, it was not known exactly

6

when Husband's now-wife would receive the above-mentioned settlement. As such, we conclude that the fact that the parties were willing to delay satisfaction of Husband's financial obligation under the Agreement until some future unknown time creates an inference which supports the trial court's determination that the parties did not intend for time to be of the essence.

### B. Finding Number 8

Wife also claims that Finding Number 8 is not supported by the evidence. Finding Number 8 provides as follows:

> In December 2009, [Husband] borrowed money from his father to pay towards the amount owed under the mediated agreement; the amount he borrowed and deposited into his attorney's trust account was $11,989.26. This amount was supposed to be the $17,000 less the balance due on the parties' son's student loan.

Appellant's Br. Appendix A. In challenging Finding Number 8, Wife does not challenge the portion of the finding which states that $11,989.26 was placed in Husband's attorney's trust fund account or that the $11,989.26 represented the $17,000 less the balance due on A.L.'s student loan. Wife only challenges the trial court's determination that Husband borrowed this money from his father. However, we note, and Wife concedes, that how Husband funded the $11,989.26 is irrelevant to a determination regarding whether Husband breached the Agreement. In any event, our review of the record reveals that the trial court's finding regarding the source of the $11,989.26 is supported by a statement contained in Husband's submissions to the trial court which indicates that Husband borrowed the $11,989.26 from his father.

7

## C. Finding Number 10

Wife claims that Finding Number 10 is not supported by the evidence. Finding Number 10 provides as follows:

> In December 2009, the parties disagreed as to whether [Husband's] direct payment of the student loan, in installment payments, and paying the balance of the $17,000 in a lump sum complied with the agreement.

Appellant's Br. Appendix A. Upon review, it is clear that this finding is supported by the record which clearly demonstrates that the parties disagreed as to whether Husband's act of making direct payments on the student loan separate from the lump sum of $11,989.26 complied with the terms of the Agreement.

## D. Finding Number 15

Wife also claims that Finding Number 15 is not supported by the evidence. Finding Number 15 provides as follows:

> The $11,989.26 was held in [Husband's] attorney's trust account until November 2012 when the Court approved the release of the funds to the parties' sons. The sons received those funds at that time.

Appellant's Br. Appendix A. In challenging this finding, Wife argues that the finding is misleading because the trial court issued the order releasing the funds to the parties' sons at her request. The record reveals that the trial court issued an order on November 6, 2012, in which it ordered that the $11,989.26 should be released to the parties' sons. As such, the trial court's finding is not misleading, and we conclude that Finding Number 15 is clearly supported by the record.[1]

---

[1] We note that it is irrelevant that the trial court's November 6, 2012 order was issued following a request from Wife that the funds be turned over the parties' sons.

8

### E. Findings Numbers 19, 20, and 21

Wife claims that Findings 19, 20, and 21 are not supported by the evidence. Findings

Numbers 19, 20, and 21 provide as follows:

19. The evidence did not show that [Husband] intentionally breached the agreement. The evidence showed that [Husband] suffered unexpected financial difficulties, that he made a good faith effort to comply and that he did in fact substantially comply with the agreement.
20. **The Court finds that there was not a breach of the parties' mediated agreement;** therefore, [Wife] is not entitled to set aside the agreement, resurrect her prior claims or recover interest, penalties or attorney fees.
21. The Court finds that [Husband] is now in full compliance with the mediated agreement.

Appellant's Br. Appendix A (emphasis in original). We note that these findings represent the

trial court's legal conclusions and we will review them as such.

Upon review, we conclude that the conclusions of the trial court are supported by the

court's findings. The findings, which again, we conclude are supported by the record,

demonstrate that the parties agreed to extend the time period in which Husband was to pay

the remaining $17,000.00 to the parties' sons. Regardless of where Husband obtained the

necessary funds, he provided $11,989.26 to his attorney to satisfy his obligation minus the

money he paid toward A.L.'s student loan. A.L.'s student loan has been paid in full, and

Husband tendered an additional $1,160.68 to his attorney to satisfy the remaining money

owed to the parties' sons. We agree with the trial court that Husband substantially complied

with the Agreement by paying the full amount provided for by the Agreement to the parties'

sons. Given Husband's unexpected financial difficulties, we find it of little consequence that

Father paid this amount in multiple payments rather than the single lump sum that was

contemplated by the Agreement.

In addition, the trial court's conclusion that Wife was not entitled to set aside the agreement, resurrect her prior claims, or recover interest, penalties, or attorney's fees is supported by the findings. The findings demonstrate that Husband did not breach the Agreement and that he is in full compliance with the terms of the Agreement. As such, there is no basis to allow Wife to set aside the agreement or to resurrect her prior claims against Husband. To allow her to do so would be contrary to the terms of the Agreement which she sought to enforce. Likewise, we conclude that the trial court's conclusion that Wife was not entitled to recover interest, penalties, or attorney's fees is not clearly erroneous as it supported by the trial court's findings.

### III. Wife's Request for Interest, Damages, and Attorney's Fees

Wife additionally contends that even if the trial court properly determined that Husband did not breach the Agreement, the trial court erred in rejecting her request for an award of interest, damages, and attorney's fees. Again, as is stated above, we determine that the trial court's conclusions in this regard are supported by the court's findings. Wife does not present any legal authority supporting this contention. Rather she claims that Husband should have been ordered to pay her interest for his delay in satisfying his financial obligation set forth in the Agreement, that Husband should have to reimburse her for payments on the parties' son's student loan that she unilaterally decided to make even though the Agreement provided that Husband would pay the balance of the loan and Husband was indeed making payments on said loan, and that Husband should have to pay for her attorney's

10

fees. We disagree.

## A. Interest

With regard to Wife's request that Husband be ordered to pay her interest, we note that the record demonstrates that the Agreement provided that the agreed upon sum was to be paid directly to the parties' adult sons. The Agreement did not provide for the payment of any funds to Wife. Wife does not explain how she was affected by Husband's delay in satisfying his financial obligation under the terms of the Agreement or why she should be entitled to recover any interest from Husband when she was not a financial beneficiary under the terms of the agreement. As such, we conclude that the trial court did not err in denying Wife's request for interest.[2]

## B. Loan Payment

With regard to Wife's request that Husband be ordered to repay her for money she paid toward A.L.'s student loan, we note that any payment by Wife resulted from the unilateral decision by Wife to make said payment. Wife has referred to no legal authority suggesting, and nothing in the Agreement indicates, that Husband should have to reimburse Wife for this unilateral decision. The trial court heard evidence that Husband recognized that he was responsible for paying the balance of the student loan and was making payments on said loan. Wife claimed below that she was forced to pay $2,478.00 on A.L.'s student loan to keep the loan from going into default. The trial court, acting as the trier of fact, was free

---

[2] Wife alternatively argues that an award of interest could be paid to the parties' sons. However, Wife has failed to demonstrate that such an award is warranted in light of the parties' agreed extension and the fact that the funds were held in Husband's attorney's trust account for nearly three years after being paid by Husband before the trial court issued its order permitting the funds to be distributed to the parties' sons.

11

to believe or disbelieve Wife's claim as it saw fit. *See generally McClendon v. State*, 671 N.E.2d 486, 488 (Ind. Ct. App. 1996) (providing that the trier of fact is free to believe or disbelieve witnesses as it sees fit). Wife's challenge on appeal effectively amounts to an invitation for this court to reweigh the evidence, which we will not do. *Fowler*, 830 N.E.2d at 102 (citing *Clark*, 778 N.E.2d at 839-40).

## C. Attorney's Fees

Having found in favor of Husband, the trial court determined that award of attorney's fees in favor of Wife is unwarranted. Finding no clear error in the trial court's findings and conclusions thereon, we agree with the trial court's determination and conclude that an award of attorney's fees in Wife's favor is unwarranted.

## IV. Husband's Request for Appellate Attorney's Fees

We next turn to Husband's request for appellate attorney's fees. In pertinent part, Indiana Appellate Rule 66(E) provides that a court on review "may assess damages if an appeal ... is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorney's fees." In *Orr v. Turnco Mfg. Co.*, 512 N.E.2d 151, 152 (Ind. 1987), the Indiana Supreme Court noted, that an appellate court "must use extreme restraint" in exercising its discretionary power to award damages on appeal. "Hence, the discretion to award attorney fees under App. R. 66(C) is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Boczar v. Meridian St. Found.*, 749 N.E.2d 87, 95 (Ind. Ct. App. 2001) (internal quotation

12

omitted).  Here, while we ultimately rule in Husband's favor, we decline to award appellate attorney's fees as requested by Husband.

## CONCLUSION

Finding no clear error in the trial court's conclusions that Husband did not breach the Agreement and Wife is not entitled to interest, damages, or attorney's fees, and having determined that Husband is not entitled to an award of appellate attorney's fees, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.