# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 19 2018, 8:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jeremy S. Bell
New Castle, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kimberley A. Fisher, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Frederick H. Fisher, III, <br> *Appellee-Respondent.* | September 19, 2018 <br><br> Court of Appeals Case No. 18A-DR-929 <br><br> Appeal from the Henry Circuit Court <br><br> The Honorable Kit C. Dean Crane, Judge <br><br> Trial Court Cause No. 33C02-1405-DR-93 |

**Mathias, Judge.**

[1] The marriage of Frederick Fisher ("Husband") and Kimberley Fisher ("Wife") was dissolved in the Henry Circuit Court in 2014. In 2017, Husband filed a motion to hold Wife in contempt because she failed to make a required payment on the mortgage secured by the marital residence as agreed under the

parties' settlement agreement. After a hearing, the trial court concluded that to purge herself of contempt, Wife must sell or refinance the residence. Wife now appeals and contends that the trial court's order should be set aside.

We reverse and remand.

## Facts and Procedure

Prior to their divorce, Husband and Wife took out a mortgage on their marital property so that their adult son could purchase separate property. Husband, Wife, and son all agreed and understood that the son was responsible for making the mortgage payments on the marital property until the loan was satisfied.

On May 30, 2014, Wife filed a petition for dissolution of marriage. The parties engaged in settlement negotiations and filed a written settlement agreement. The trial court approved the agreement on October 14, 2014, and incorporated it into a decree dissolving the parties' marriage. Among other provisions, the settlement agreement awarded Wife the marital residence and then specified:

> Wife shall be responsible for all costs associated with this residence. There is a mortgage on the marital property; however, neither party shall be responsible for it for the following reason. The parties' son owns a house, the loan for which is secured by the marital residence. The son pays Wife each month, and she in turn pays the bank. Wife shall still be responsible for the taxes and insurance on the marital residence.

Appellant's App. p. 17.

After the divorce, Wife lived in the marital residence, and son made the mortgage payments as indicated in the settlement agreement. However, in January 2017, son failed to provide Wife with money on time, and therefore, the mortgage payment was late. Wife was unemployed at the time, so she was unable to cover the payment, but "[i]t was all paid the next month." Tr. p. 28. As a result of the missed payment, on April 27, 2017, Husband filed a motion for contempt which alleged that Wife had "not made the required payments on the mortgage secured by the marital residence." Appellant's App. p. 21. Husband maintained that the missed mortgage payment adversely affected his credit score and his ability to receive financing.

The trial court held an evidentiary hearing on August 4, 2017,[1] and February 14, 2018. After hearing testimony from both Husband and Wife at the February 14 hearing, the trial court stated in part:

> Well, it's clear to the court that the court has continuing jurisdiction over a settlement agreement. Particularly when it's necessary to clarify a prior order. So, [counsel for Husband], if you could prepare an order, I'm going to direct that the [martial residence] be sold within the next ninety days. If [Wife] can buy the house, then that's great. If not, then it's going to be sold in the next ninety days. And then I -- following the sale of the house, we'll come back here in about a hundred and twenty days

---

[1] The transcript for the August 4 hearing is not included in the record provided to us on appeal. Therefore, although we know the hearing took place because of an August 7, 2017 entry on the Chronological Case Summary, we do not know what specifically transpired during this hearing. Appellant's App. pp. 6–7.

. . . to discuss what happens to the net proceeds on the sale of the house.

Tr. p. 29.

[7] Wife's counsel then asked the trial court which aspect of the settlement agreement it was clarifying, and the court responded in part:

> [T]he parties agreed to this settlement agreement, and it's not working. So, I'm going to carve out something that's going to work. So, you can look at the settlement agreement, [counsel for Wife], and kind of figure out which parts of it I'm having to re-examine, because there's a number of those -- you know, just that one sentence -- there's a mortgage, they both signed the mortgage, however, "Neither party shall be responsible." Both sides are still responsible to the bank, but only [Husband] here is the one that's suffering and damaged because of this agreement.

*Id.* at 30.

[8] On March 21, 2018, the court issued an order which indicated that "[Wife] is responsible for the note on the marital residence under the settlement agreement." Appellant's App. p. 10. The order further provides that "[t]he note payments on the marital residence mortgage were not being paid in a timely manner, and that such untimely payments are damaging [Husband's] credit and credit report[.]"[2] *Id.* It then concluded that "Wife is hereby ordered to purge

---

[2] Although the order uses the term "payments," there is no evidence in the record of any other late payment made after the parties' dissolution except for January 2017.

herself of contempt by paying the note on the marital residence off within (90) days, by listing and selling the marital residence, or refinancing said note into [Wife's] own name." *Id.* at 11. Wife now appeals.

## Discussion and Decision

[9] Wife contends that the trial court abused its discretion when it ordered her to sell or refinance her home in order to purge herself of contempt because there was insufficient evidence to support the court's finding that she willfully violated the terms of the dissolution settlement agreement. Specifically, she argues that the portion of the agreement that she allegedly violated "was at the very least unclear[,]" and she cannot be held in contempt for willfully disobeying an ambiguous order. Appellant's Br. at 6–9. Husband alleges that the decree is not ambiguous, and thus the court's order fell within its discretion "to use its coercive and remedial powers in a contempt hearing to move Wife into action to protect [] Husband from further damage[.]" Appellee's Br. at 11.

[10] Whether or not a party is in contempt is a determination left to the discretion of the trial court.[3] *Reynolds v. Reynolds*, 64 N.E.3d 829, 832 (Ind. 2016). On appeal, we will consider the evidence and all reasonable inferences drawn therefrom that support the trial court's determination, and we will not reweigh evidence nor judge the credibility of the witnesses. *Deel v. Deel*, 909 N.E.2d 1028, 1032

---

[3] We note that the trial court's order does not explicitly state that Wife is in contempt. *See* Appellant's App. pp. 10–11. However, because of the language in the order that Wife "is hereby ordered to purge herself of contempt[,]" we will treat this as if the trial court is holding Wife in indirect contempt until she satisfies the requirements set out in its order. *Id.*

(Ind. Ct. App. 2009). As such, we will only reverse a trial court's contempt determination where an abuse of discretion has been shown, which occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Bessolo v. Rosario*, 966 N.E.2d 725, 730 (Ind. Ct. App. 2012), *trans. denied.*

The trial court here concluded that Wife failed to comply with the dissolution decree in that she failed to make timely mortgage payments on the marital residence. *See* Appellant's App. p. 10. "Willful disobedience of any lawfully entered court order of which the offender had notice is indirect contempt." *Mitchell v. Mitchell*, 785 N.E.2d 1194, 1198 (Ind. Ct. App. 2003) (quotation and citations omitted); Ind. Code § 34-47-3-1. Our supreme court has clarified that "[t]he order must have been so clear and certain that there could be no question as to what the party must do, or not do, and so there could be no question regarding whether the order is violated." *City of Gary v. Major*, 822 N.E.2d 165, 170 (Ind. 2005). Thus, "[a] party may not be held in contempt for failing to comply with an ambiguous or indefinite order." *Id.*

When dissolving a marriage, parties are free to negotiate their own settlement agreements and may incorporate those into a dissolution decree. Ind. Code § 31-15-2-17. Such agreements are contractual in nature, and once incorporated into a trial court's final order, the agreements become binding on both parties. *Whittaker v. Whittaker*, 44 N.E.3d 716, 719 (Ind. Ct. App. 2015). Thus, the terms of a settlement agreement will be given their plain and ordinary meaning unless they are ambiguous. *Id.* Where the terms are clear and unambiguous, we do not

construe the agreement or look to extrinsic evidence. *Id.* Terms are ambiguous "only when reasonably intelligent persons would honestly differ as to the meaning of those terms." *Schmidt v. Schmidt*, 812 N.E.2d 1074, 1080 (Ind. Ct. App. 2004) (citation omitted). When interpreting a settlement agreement, our goal is to determine the intent of the parties when they entered into it. *In re the Paternity of G.G.B.W.*, 80 N.E.3d 264, 270 (Ind. Ct. App. 2017), *trans. denied*. As with any other contract, interpreting a settlement agreement presents a question of law that we will review *de novo. Bailey v. Mann*, 895 N.E.2d 1215, 1217 (Ind. 2008).

[13]     Despite the agreement Husband and Wife had with their adult son relating to the mortgage on the marital residence, the trial court here determined that Wife was responsible for the note because the parties' son "is not a party to this matter, was not a signatory on the settlement agreement, and no evidence or testimony was submitted that the child was bound to any such agreement." Appellant's App. p. 10. However, Husband and Wife voluntarily entered into a settlement agreement which the trial court approved and incorporated into the dissolution decree that included the following, unambiguous language:

> Wife shall be responsible for all costs associated with this residence. **There is a mortgage on the marital property; however, neither party shall be responsible for it** for the following reason. The parties' son owns a house, the loan for which is secured by the marital residence. The son pays Wife each month, and she in turn pays the bank. Wife shall still be responsible for the taxes and insurance on the marital residence.

Appellant's App. p. 17 (emphasis added).

[14] This section plainly indicates that Wife is responsible for the costs, taxes, and insurance on the marital residence and that "costs" do not include the mortgage because of the parties' intent that their adult son would be responsible for the mortgage and make payments to Wife. By its plain language, neither Wife nor Husband are responsible for the mortgage, and thus, there is no ambiguity in the agreement.[4] *Cf. Burrell v. Lewis*, 743 N.E.2d 1207, 1212 (Ind. Ct. App. 2001) (holding that a portion of a custody order was ambiguous where two paragraphs outlining father's visitation time were in direct conflict).

[15] Simply put, Wife was not responsible for the mortgage on the marital residence by the express terms of the settlement agreement, and therefore, she cannot be held in contempt of court for willfully refusing an order that does not exist. *Cf. Dawson v. Dawson*, 800 N.E.2d 1000, 1005–06 (Ind. Ct. App. 2003) (concluding the trial court did not abuse its discretion when it found husband in contempt of court where the settlement agreement specifically required him to satisfy the balance of a mortgage on a precise date, and he failed to do so).

[16] Further, the trial court's order effectively modified the dissolution decree by concluding that Wife "is responsible for payment of the note on the marital residence." Appellant's App. p. 10. But under Indiana Code section 31-15-2-

---

[4] Even if "costs" is read to include the mortgage, the subsequent sentence stating "neither party shall be responsible for" the mortgage creates an ambiguity in the settlement agreement, Appellant's App. p. 17, and thus Wife cannot be held in contempt for violating an ambiguous order. *Major*, 822 N.E.2d at 170.

17(c), once "the disposition of property [is] settled . . . and incorporated and merged into the degree[,]" then it "is not subject to subsequent modification by the court, except as the agreement prescribes or the parties subsequently consent." And Indiana Code section 31-15-7-9.1(a) provides: "The orders concerning property disposition entered under this chapter . . . may not be revoked or modified, except in case of fraud."

[17] Our supreme court has explained that the statutory prohibition against a trial court modifying a property-settlement agreement "requires a court to approach any dispute over a settlement agreement . . . as a contract dispute, subject to the rules of contract law." *Ryan v. Ryan*, 972 N.E.2d 359, 370–71 (Ind. 2012). Thus, "If there is an ambiguity in a contract, contract law provides the rules for resolving it. If there is a mutual mistake, contract law provides the rules for resolving it. If the contract becomes impossible to perform, contract law provides rules for handling the situation." *Id.* at 371 (citations omitted).

[18] Husband and Wife did not consent to a modification of the settlement agreement nor is there any allegation of fraud. Moreover, Husband chose to initiate a contempt proceeding rather than invoking contract law or filing a motion for the trial court to clarify or modify the settlement agreement. *See Beaman v. Beaman*, 844 N.E.2d 525, 531 (Ind. Ct. App. 2006). And the language in the settlement agreement conveyed the parties' intent that their son would be responsible for making mortgage payments on the marital property. *Cf. Pherson v. Lund*, 997 N.E.2d 367, 371 (Ind. Ct. App. 2013) (trial court did not abuse its discretion where it clarified a settlement agreement to conform with the parties'

intent, language of which was missing in the agreement). Thus, to the extent the portion of the settlement agreement relating to the mortgage on the marital residence is unworkable, the trial court was *not* free to modify the agreement on its own. *See Thomas v. Abel*, 688 N.E.2d 197, 201 (Ind. Ct. App. 1997). Accordingly, the trial court abused its discretion when it modified the settlement agreement through a contempt proceeding.

## Conclusion

[19] Based on the facts and circumstances before us, Wife did not willfully disobey the parties' settlement agreement, and thus the trial court erred when it ordered Wife to sell or refinance her home in order to purge herself of contempt. Accordingly, we reverse the trial court's order and remand for proceedings consistent with this opinion.

Bailey, J., and Bradford, J., concur.