# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**KARL L. MULVANEY**
**SHANNON D. LANDRETH**
Bingham Greenbaum Doll LLP
Indianapolis, Indiana

**DENNIS CANTRELL**
**CATHERINE HAINES**
Cantrell Strenski & Mehringer, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JAMES E. DEAL**
Brazil, Indiana



FILED

Feb 20 2013, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

STATE FARM FIRE AND CASUALTY
COMPANY,

    Appellant-Defendant,

        vs.

RIDDELL NATIONAL BANK,

    Appellee-Plaintiff.

No. 61A01-1204-PL-159

APPEAL FROM THE PARKE CIRCUIT COURT
The Honorable Bruce V. Stengel, Special Judge
Cause No. 61C01-1107-PL-273

**February 20, 2013**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issue

After the owners of a home went through bankruptcy, they executed a deed in lieu of foreclosure to Riddell National Bank, the mortgagee. Riddell discovered extensive damage in the home and filed a claim with State Farm Fire and Casualty Insurance Company. State Farm denied coverage, and Riddell brought suit. State Farm moved to dismiss, and the trial court denied its motion. State Farm raises one issue in this interlocutory appeal: whether the parties' insurance policy, as limited by Indiana Code section 27-1-13-17, creates a two-year statute of limitations. Concluding the parties' policy does not create a two-year statute of limitations, and thus the ten year statute of limitations provided in Indiana Code section 34-11-2-11 applies, we affirm.

Facts and Procedural History

Riddell was the mortgagee of a property in Parke County, Indiana. As a condition of the mortgage, the homeowners were required to insure the property against loss by fire, earthquakes, floods, and other hazards. State Farm insured the property, and in 2008 Riddell received an initial declaration notifying it of State Farm's issuance of a policy with Riddell named as mortgagee. On February 1, 2009, Riddell received a renewal certificate from State Farm. The policy provides:

> SECTION I – CONDITIONS
> * * *
> 6. Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.
> * * *
> SECTION I AND SECTION II – CONDITIONS
> * * *

2

10. Conformity to State Law. When a policy provision is in conflict with the applicable law of the State in which this policy is issued, the law of the State will apply.

Appellant's Appendix at 121-28.

In approximately August 2008, the homeowners moved from the property without notifying Riddell. In early 2009, the homeowners petitioned for bankruptcy. During the bankruptcy process, Riddell learned the property was vacant and that the homeowners intended to execute a deed in lieu of foreclosure to Riddell. The deed was received on November 18, 2009. Riddell alleges in June 2009 it discovered damage to the residence, including water damage, mold, collapsed plaster ceilings, buckled floors, and deterioration of carpet, walls, ceilings, doors and windows. On December 17, 2009, Riddell notified State Farm of its intent to file a claim. State Farm denied Riddell's claim, and on September 19, 2011, Riddell brought suit. State Farm moved to dismiss, arguing Riddell's claim was time barred. The trial court denied State Farm's motion, and State Farm sought interlocutory appeal. The trial court certified the case for interlocutory appeal and we granted State Farm's motion for interlocutory appeal.

## Discussion and Decision

### I. Standard of Review

We review the construction of contract terms de novo. S.C. Nestel, Inc. v. Future Const., Inc., 836 N.E.2d 445, 449 (Ind. Ct. App. 2005). If a contract provision is unambiguous, it is conclusive upon the parties and upon the courts. Id. That is, unless the terms of the contract are ambiguous, they will be given their plain and ordinary meaning.

3

Shorter v. Shorter, 851 N.E.2d 378, 383 (Ind. Ct. App. 2006). If a provision is ambiguous, however, its meaning is to be determined by extrinsic evidence. S.C. Nestel, 836 N.E.2d at 449-50. When a court interprets a written contract, it should attempt to determine the intent of the parties at the time the contract was made by examining the language used in the contract. Id. at 450. Contracts are to be read as a whole, and a court should construe the language in a contract so as not to render any words, phrases, or terms ineffective or meaningless, and a court should attempt to harmonize the provisions of a contract rather than interpret the provisions as conflicting. Id.

When interpreting a statute, we independently review a statute's meaning and then apply it to the facts of the case under review. Jones v. Ind. Farmers Mut. Ins. Co., 926 N.E.2d 116, 121 (Ind. Ct. App. 2010). First, we determine whether the legislature has spoken clearly and unambiguously in the statute. Id. If a statute is unambiguous, meaning if it is not susceptible to more than one interpretation, we will apply its clear and plain meaning, but if a statute is ambiguous, we will attempt to ascertain the legislature's intent and interpret the statute to effectuate that intent. Id.

## II. The Policy and Indiana Code Section 27-1-13-17

Indiana Code section 27-1-13-17 provides:

(a) This section applies to a policy of insurance that:
    (1) covers first party loss to property located in Indiana; and
    (2) insures against loss or damage to:
        (A) real property consisting of not more than four (4) residential units, one (1) of which is the principal place of residence of the named insured; or

4

(B) personal property in which the named insured has an insurable interest and that is used within a residential dwelling for personal, family, or household purposes.

(b) A policy of insurance described in subsection (a) may not be issued, renewed, or delivered to any person in Indiana if the policy limits a policyholder's right to bring an action against an insurer to a period of less than two (2) years from the date of loss.

State Farm concedes the condition in the parties' policy which requires the insured to bring a claim within one year after the date of loss or damage is unenforceable pursuant to Indiana Code section 27-1-13-17(b). State Farm argues, however, that the policy's provision "clearly expresses the intent of the contracting parties to limit the time period during which an insured (or its mortgagee) could bring a lawsuit against State Farm" and, thus, we should "honor the parties' intent by construing the Policy as providing a two-year limitation period on lawsuits against State Farm from the date of the loss or damage." Brief of Appellant at 12. Riddell contends that since the parties' time limit provision does not apply, the statute of limitations provided by Indiana Code section 34-11-2-11 should.[1]

The contract term only provides that an action must commence within one year. An additional term provides that when a policy term is in conflict with state law, the applicable state law shall apply. Indiana Code section 27-1-13-17(b) provides only that an insurance policy like the one at issue "may not be issued, renewed, or delivered . . . if the policy limits a policyholder's right to bring an action against an insurer to a period of less than two (2) years from the date of loss." When interpreting contract provisions and statutory provisions, if

---

[1] Riddell actually cites to Indiana Code section 34-11-2-9 as the applicable statute of limitations. That statute provides a six year statute of limitations for promissory notes, bills of exchange, and other written contracts for the payment of money. Indiana Code section 34-11-2-11, which provides a ten year statute of

5

each is unambiguous we give them their plain and ordinary meaning. See Jones, 926 N.E.2d at 121; Shorter, 851 N.E.2d at 383. Here, the contract provision unambiguously provides that a claim must be brought within one year of loss or damage. The statute unambiguously provides that such a time requirement in an insurance policy is unenforceable.

Importantly, neither the contract nor the statute provides what State Farm would like us to infer into the contract: that because the policy's one-year requirement is void, the two-year minimum that Indiana Code section 27-1-13-17 requires for an insurance policy creates a two-year statute of limitations when the statutory minimum voids a contractual time requirement. The contract could have said that a claim must be filed within one year or within the applicable minimum time requirement allowed by state law, but it did not. The legislature could have said that if a policy provides a time requirement of less than two years, a two-year requirement will be substituted, but it did not.

In other words, we agree with State Farm that, pursuant to the policy's provision requiring conformity with state law where a policy provision is in conflict with state law, the statutory default applies. However, we find Indiana Code section 27-1-13-17 is unambiguous and does not provide a two-year default statute of limitations. It merely provides that an insurance policy requiring the filing of a claim in a time period less than two years is void. Indiana Code section 34-11-2-11, on the other hand, does provide a default statute of limitations period, and pursuant to the conformity with state law term in the policy, that default applies to the parties.

limitations for contracts in writing other than those for the payment of money, is the applicable statute for an

6

State Farm also argues the policy provision requiring a claim within one year of damage or loss shows their intent to limit the period to the minimum time period required by Indiana statutes because prior to the enactment of Indiana Code section 27-1-13-17, the minimum limitation period in an insurance policy was one year rather than two years. State Farm argues this demonstrates the parties' intent to limit the contract's limitation period to the shortest allowable period under Indiana law. However, Indiana Code section 27-1-13-17 went into effect July 1, 2007, and the policy at issue was enacted in 2008 and renewed in 2009. Thus, even if we were to look beyond the unambiguous language of the contract, we would not infer that the parties' intended to limit the policy's limitation period to the shortest period allowed under state law because if that is what they intended, that is what they would have done.

## Conclusion

We conclude the unambiguous contract and statutory language void the one-year limitation period in the parties' contract and, pursuant to the policy's conformity to state law provision, the ten year statute of limitations provided by Indiana Code section 34-11-2-11 applies and Riddell's claim was timely. We therefore affirm the trial court's denial of State Farm's motion to dismiss.

Affirmed.

MAY, J., and PYLE, J., concur.

---

insurance policy. See Perryman v. Motorist Mut. Ins. Co., 846 N.E.2d 683, 687 (Ind. Ct. App. 2006).