## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 10 2017, 9:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jeffrey J. Hanneken
Nathan H. Blaske
Graydon Head & Ritchey LLP
Cincinnati, Ohio

ATTORNEYS FOR APPELLEE

R.C. Richmond, III
Richard A. Kempf
Paul T. Deignan
Taft Stettinius & Hollister LLP
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| First Financial Bank, N.A., <br> *Appellant-Defendant,* <br><br> v. <br><br> Craig W. Johnson, <br> *Appellee-Cross Defendant.* | May 10, 2017 <br><br> Court of Appeals Case No. <br> 49A02-1605-MF-1097 <br><br> Appeal from the Marion Superior Court. <br> The Honorable David J. Dreyer, Judge. <br> Trial Court Cause No. <br> 49D10-1506-MF-21307 |

**Sharpnack, Senior Judge**

## Statement of the Case

[1] First Financial Bank, N.A., appeals from a summary judgment for Craig W. Johnson. We affirm.

# Issues

First Financial presents four issues which we state as:

> I. Whether First Financial was required to make a demand for payment to Johnson to trigger his obligation under the Guaranty.
>
> II. Whether Johnson waived any right to a demand by First Financial.
>
> III. Whether First Financial's filing of a lawsuit met the demand requirement.
>
> IV. Whether the trial court could properly enter summary judgment in favor of Johnson.

# Facts and Procedural History

Raceway Market Land, LLC and Meridian Marketplace, LLC are parties to a promissory note securing a loan from Irwin Bank and Trust Company. Craig Johnson was the guarantor for payment by Raceway and Meridian. In June 2015, Beal Bank, USA, as successor in interest to Irwin Bank and Trust Company, filed a foreclosure action against Raceway, Meridian, Johnson, and First Financial.

First Financial, who is a second lienholder on the real and personal property that is the subject of Beal Bank's foreclosure action, filed its answer, cross claims, and counterclaim. First Financial subsequently filed a motion for summary judgment on its cross claims and counterclaim. Following a hearing, the trial court granted in part First Financial's motion as to Meridian Marketplace and Raceway Market Land but denied its motion as to Johnson.

The trial court also determined that there was no just reason for delay and directed entry of judgment for Johnson, and this appeal followed.

# Discussion and Decision

On appeal from a summary judgment, we apply the same standard of review as the trial court: summary judgment is appropriate only where the designated evidentiary matter shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Young v. Hood's Gardens, Inc.*, 24 N.E.3d 421, 423-24 (Ind. 2015); *see also* Ind. Trial Rule 56(C). Appellate review of a summary judgment is limited to those materials designated to the trial court. *Sheehan Const. Co, Inc. v. Cont'l Cas. Co.*, 938 N.E.2d 685, 688 (Ind. 2010). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Id.* The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law; once the movant has satisfied this burden, the burden shifts to the nonmoving party to set forth specific facts showing the existence of a genuine issue of material fact. *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009).

## I. Guarantor's Right to Demand

In the order on summary judgment, as adopted by the trial court, it was determined that "[First Financial] failed to demand payment from Johnson as required by the terms of the Commercial Guaranty." Appellant's App. p. 203.

First Financial contends that the trial court erred by determining that it was required to make a demand to Johnson for payment in order to trigger his obligation as the Guarantor.

The interpretation of a guaranty is governed by the same rules applicable to other contracts. *Paul v. Home Bank SB*, 953 N.E.2d 497, 503 (Ind. Ct. App. 2011). If a contract provision is unambiguous, it is conclusive upon the parties and the courts, and its terms will be given their plain and ordinary meaning. *State Farm Fire & Cas. Co. v. Riddell Nat'l Bank*, 984 N.E.2d 655, 657 (Ind. Ct. App. 2013), *trans. denied*. More specifically, the terms of a guaranty should neither be so narrowly interpreted as to frustrate the obvious intent of the parties, nor so loosely interpreted as to relieve the guarantor of a liability fairly within their meaning. *Paul*, 953 N.E.2d at 503. Nonetheless, a guarantor is a favorite in the law and is not bound beyond the strict terms of the guaranty. *Id.*

The first paragraph of the Guaranty signed by Johnson provides, "Guarantor will make any payments to Lender or its order, **on demand**, in legal tender of the United States of America . . . ." Appellant's App. at 43 (emphasis added). Thus, the terms of the Guaranty plainly dictate that Johnson will make payment once payment is demanded. In addition, Johnson stated in his affidavit that at no time did he receive a demand for payment from First Financial. *Id.* at 193. First Financial does not refute this evidence. Accordingly, the trial court did not err in determining that First Financial was required to make a demand for payment to Johnson in order to trigger his obligations under the Guaranty and that it failed to do so.

# II. Waiver of Demand

First Financial next argues that even if Johnson was entitled to a demand for payment to trigger his guarantor responsibilities, he had waived that right. In making this argument, First Financial points to the section of the Guaranty entitled "Guarantor's Waivers" that provides:

> Except as prohibited by applicable law, Guarantor waives any right to require Lender (A) to continue lending money or to extend other credit to Borrower; (B) to make any presentment, protest, demand, or notice of any kind, including notice of any nonpayment of the Indebtedness or of any nonpayment related to any collateral, or notice of any action or nonaction on the part of Borrower, Lender, any surety, endorser, or other guarantor in connection with the Indebtedness or in connection with the creation of new or additional loans or obligations; (C) to resort for payment or to proceed directly or at once against any person, including Borrower or any other guarantor; (D) to proceed directly against or exhaust any collateral held by Lender from Borrower, any other guarantor, or any other person; (E) to give notice of the terms, time, and place of any public or private sale of personal property security held by Lender from Borrower or to comply with any other applicable provisions of the Uniform Commercial Code; (F) to pursue any other remedy within Lender's power; or (G) to commit any act or omission of any kind, or at any time, with respect to any matter whatsoever.

*Id.* at 44.

We are mindful that contracts are to be read as a whole, and courts should construe the language in a contract so as not to render any words, phrases, or terms ineffective or meaningless. *State Farm Fire & Cas. Co.*, 984 N.E.2d at 658.

Further, courts should attempt to harmonize the provisions of a contract rather than interpret the provisions as conflicting. *Id.*

[11] Accordingly, we endeavor to harmonize these two provisions. The language of the waiver provision clearly concerns the Guarantor's (Johnson) waiver of certain actions taken by the Lender (First Financial) against the Borrower (Meridian Marketplace and Raceway Market Land) and others. For example, in subsection (A) Johnson waives the right to require First Financial to lend more money to Meridian Marketplace and Raceway Market Land. In subsections (C) and (D), Johnson waives the right to require First Financial to proceed against Meridian Marketplace and Raceway Market Land or another guarantor, or to exhaust any collateral held by First Financial before Johnson would be obligated to perform as Guarantor. Similarly, subsection (B), the section upon which First Financial focuses its argument, can reasonably be read to waive Johnson's right to require First Financial to make a demand upon or provide notice of nonpayment or notice of any action to Meridian Marketplace and Raceway Market Land or other guarantor prior to requiring Johnson to fulfill his obligations under the Guaranty.

[12] Indeed, when the waiver provision is read in conjunction with the demand provision, it is clear that Johnson is waiving First Financial's demand upon Meridian Marketplace and Raceway Market Land as a condition to an action against Johnson. This is a common practice and is a reasonable waiver by Johnson as Guarantor. To determine otherwise would be contradictory because the Guaranty would require First Financial to demand payment from

Johnson yet have Johnson waiving demand for payment in the same instrument. Therefore, the trial court did not err in finding that Johnson had not waived his right to demand for payment.

## III. Lawsuit as Demand

[13] In the alternative, First Financial asserts that its cross claim, wherein Johnson was named as a party defendant, is a demand for payment. In making this argument, First Financial presumes that Johnson waived his right to demand; however, as discussed in the previous issue, Johnson did not waive his right to demand for payment.

[14] Pursuant to the terms of the first paragraph of the Guaranty, and as discussed *supra*, Johnson's obligation to pay as Guarantor does not arise unless and until First Financial demands payment. First Financial failed to make a demand for payment from Johnson under the Guaranty prior to filing suit. Therefore, First Financial's lawsuit alleging nonpayment is premature because Johnson has neither been asked to pay nor has failed to pay. First Financial's lawsuit cannot serve as a demand because demand for payment is a condition that must be met prior to filing suit. We find no error.

## IV. Entry of Summary Judgment

[15] As its final assertion of error, First Financial claims that the trial court erred by entering summary judgment for Johnson instead of denying First Financial's motion or dismissing the case without prejudice.

Indiana Trial Rule 56(B) provides that "[w]hen any party has moved for summary judgment, the court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party." Thus, the trial court acted appropriately under the trial rules.

In addition, under these facts, it was proper for the trial court to enter summary judgment for Johnson because First Financial failed to make a demand for payment under the Guaranty.

Lastly, to the extent that First Financial is seeking an advisory opinion, we must decline the request. This Court does not issue advisory opinions. *INS Investigations Bureau, Inc. v. Lee*, 709 N.E.2d 736, 742 (Ind. Ct. App. 1999), *trans. denied*.

## Conclusion

For the reasons stated, we conclude the trial court properly entered summary judgment for Johnson.

Affirmed.

Barnes, J., and Pyle, J., concur.