**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1206-23

AMY M. VANRELL,

      Plaintiff-Appellant,

v.

UNITED SERVICES
AUTOMOBILE ASSOCIATION,

      Defendant-Respondent.

_____

Argued November 20, 2024 – Decided August 6, 2025

Before Judges Mayer and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0940-23.

Jeremy E. Abay argued the cause for appellant (Lichten & Liss Riordan, PC and DiBartolo Law, PLLC, attorneys; Jeremy E. Abay and Philip A. DiBartolo, Jr., on the briefs).

Melissa Bishop argued the cause for respondent (Law Office of Francis D. Mackin, attorneys; Melissa Bishop, on the briefs).

Dominic R. DePamphilis argued the cause for amicus curiae New Jersey Association for Justice (D'Arcy Johnson Day, attorneys; Richard J. Albuquerque and Dominic R. DePamphilis, on the brief).

PER CURIAM

Plaintiff Amy M. Vanrell appeals from the November 17, 2023 Law Division order granting summary judgment to defendant United Services Automobile Association (USAA) and dismissing her complaint for underinsured motorist (UIM) coverage with prejudice as untimely filed under the terms of the policy. We affirm.

I.

On January 10, 2018, plaintiff was operating a motor vehicle covered by an insurance policy with USAA. While plaintiff was stopped at an intersection, another driver (tortfeasor) allegedly drove into the rear of plaintiff's vehicle. Plaintiff suffered serious and permanent injuries in the crash.

The tortfeasor's insurance policy provided liability coverage of up to $50,000 per person/$100,000 per accident. Plaintiff's policy provided UIM coverage for bodily injuries of up to $300,000 per person/$500,000 per accident.

On January 11, 2018, plaintiff notified USAA of her claim for property damages and personal injury protection benefits.

A-1206-23

On December 23, 2019, plaintiff filed a complaint in the Law Division against the tortfeasor for damages arising from the accident. Plaintiff did not notify USAA of her suit against the tortfeasor at the time it was filed.

On May 2, 2022, plaintiff's counsel sent USAA a letter seeking permission to settle her claims against the tortfeasor for $43,000. See Longworth v. Van Houten, 223 N.J. Super. 174, 176-83 (App. Div. 1988). The letter identified the tortfeasor as an underinsured motorist and provided the name and docket number of plaintiff's suit against the tortfeasor.

On May 4, 2022, USAA approved plaintiff's request to settle her claims against the tortfeasor and waived subrogation of its claims against the tortfeasor. The letter stated, "agreeing to give permission to settle and waive any potential [UIM] subrogation claim does not guarantee that [UIM] has been triggered on this loss." USAA stated it "will agree to consider any information you have regarding any possible [UIM] claim . . . ."

On May 5, 2022, plaintiff's counsel wrote to USAA demanding $300,000 "to amicably resolve this matter."

On May 9, 2022, USAA responded by requesting additional medical records to evaluate plaintiff's settlement demand.

A-1206-23

On May 26, 2022, plaintiff's counsel forwarded the requested additional medical records to USAA.

On June 22, 2022, USAA acknowledged receipt of the additional medical records and requested further medical records to evaluate plaintiff's settlement demand.

That same day, plaintiff's counsel forwarded the requested additional medical records to USAA.

On December 6, 2022, plaintiff's counsel sent additional medical records to USAA reiterating plaintiff's demand for $300,000 to settle her UIM claim.

On December 13, 2022, USAA sent plaintiff's counsel a request for additional medical records to evaluate plaintiff's settlement demand.

On December 27 and December 28, 2022, plaintiff's counsel forwarded the requested additional medical records to USAA.

On January 12, 2023, USAA requested additional medical records to evaluate plaintiff's settlement demand.

On January 16, 2023, plaintiff's counsel forwarded the requested additional medical records to USAA.

On February 3, 2023, USAA advised plaintiff that her settlement demand was still under review.

4

On February 24, 2023, USAA offered to settle plaintiff's UIM claim for $85,000.

The same day, plaintiff rejected USAA's counteroffer. Plaintiff's counsel provided USAA with copies of her outstanding medical bills stating, "let me know if this brings us closer to my demand."

On March 10, 2023, USAA sent plaintiff's counsel a letter reiterating its $85,000 settlement offer and stating the outstanding medical bills would not be included in its review of her UIM claim.

On April 5, 2023, in response to a counteroffer from plaintiff to settle her UIM claim for $250,000, USAA offered to settle her claim for $100,000.

On May 17, 2023, plaintiff filed a complaint against USAA seeking UIM coverage. Plaintiff served the complaint the following day.

On May 23, 2023, USAA reiterated its offer to settle plaintiff's UIM claim for $100,000.

On July 2, 2023, USAA filed an answer asserting as affirmative defenses the complaint was barred by the statute of limitations and plaintiff failed to comply with the terms of the policy. The parties thereafter exchanged discovery.

On October 5, 2023, before the close of discovery, USAA moved to dismiss the complaint as untimely under the terms of the policy. It argued

A-1206-23

because the policy required plaintiff to file her UIM claim within four years of the accident or one year of when she was aware or should have been aware of her UIM claim, whichever is later, her complaint was untimely.

Plaintiff opposed the motion. She argued the six-year statute of limitations established in N.J.S.A. 2A:14-1(a) for breach of contract claims applied to her UIM claim and the limitations provision in the policy, which conflicts with the statute, was invalid under the conformity-to-law provision of the policy. In addition, plaintiff argued USAA was equitably estopped from disclaiming coverage based on the timeliness of her complaint.

On November 17, 2023, the court issued a written decision granting USAA's motion. Although USAA's motion was styled as seeking dismissal of the complaint, the court treated it as one for summary judgment because USAA relied on evidence outside the pleadings. The court found the four-year limitations period in the policy was not preempted by the six-year period in N.J.S.A. 2A:14-1(a). In addition, the court found the four-year provision not to be unconscionable and a term to which plaintiff agreed when she obtained the policy.

The court found plaintiff filed the complaint outside the time permitted by the policy, but did not specify which of the policy's limitations periods – the

6

four-year or the one-year period – it relied on to reach its decision. Nor did the court address plaintiff's conformity-to-law provision and equitable estoppel arguments. A November 17, 2023 order memorialized the motion court's decision.

This appeal followed. Plaintiff argues the motion court erred because: (1) the six-year statute of limitations in N.J.S.A. 2A:14-1(a) applies to the policy under its conformity-to-law provision; (2) USAA is equitably estopped from raising the timeliness of plaintiff's complaint; (3) USAA waived its timeliness argument by not raising it in its answer; and (4) the four-year period in the policy, if applicable, was tolled until USAA denied UIM coverage.

We granted leave for the New Jersey Association for Justice (NJAJ) to appear as amicus curiae. NJAJ argues: (1) the four-year filing period in the policy conflicts with well-settled State law establishing a six-year limitations period for contract claims; (2) because of the ambiguity created by the four-year provision in the policy and well-settled State law, the reasonable expectation of the insured is she was entitled to the six-year limitations period; and (3) the fact USAA engaged in continued settlement discussions after the four-year period ended proves USAA believed the six-year limitations period applied to plaintiff's UIM claim.

A-1206-23

## II.

We review a grant of summary judgment de novo, applying the same standard as the motion court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the motion court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Self-serving assertions that are unsupported by evidence are insufficient to create a genuine issue of material fact. Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015). "Competent opposition requires 'competent evidential material' beyond mere 'speculation'

and 'fanciful arguments.'" Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009). We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523-24 (1995).

The primary issue before us is which of two limitations periods applies to plaintiff's UIM claim. N.J.S.A. 2A:14-1(a) provides "[e]very action at law . . . for recovery upon a contractual claim or liability . . . shall be commenced within six years next after the cause of any such action shall have accrued."

The relevant provision of the policy, however, provides:

LEGAL ACTION AGAINST US

A.     No legal action may be brought against us until there has been full compliance with the terms of this policy . . . .

. . . . .

C.     Under Part C – Underinsured Motorists Coverage.

. . . .

2.     No action can be brought against us for any claim involving an underinsured motor vehicle unless the action is brought within:

a.     Four years from the date of the accident; or

A-1206-23

> b. One year from the date that the covered person is aware or should have been aware of a claim for which coverage would apply;
>
> whichever is later.

It is long established precedent that

> [i]n New Jersey, the same six-year statute of limitations that applies to contractual actions would ordinarily apply to insurance actions. Breen v. [N.J. Mfr. Indem.] Ins. Co., 105 N.J. Super. 302, 309 (Law Div. 1969), aff'd, 109 N.J. Super. 473 (App. Div. 1970); N.J.S.A. 2A:14-1. However, that period may be shortened by the terms of an insurance contract. James v. Fed. Ins. Co., 5 N.J. 21 (1950).
>
> [Azze v. Hanover Ins. Co., 336 N.J. Super. 630, 636 (App. Div. 2001).]

"Thus, '[a]absent a provision in the insurance policy or an express statute to the contrary, the statute of limitations applicable to a suit on a policy of insurance' is six years." Crest-Foam Corp. v. Aetna Ins. Co., 320 N.J. Super. 509, 517 (App. Div. 1999) (quoting Walkowitz v. Royal Globe Ins. Co., 149 N.J. Super. 442, 448 (App. Div. 1997)).

The policy contains an unequivocal provision shortening the period in which plaintiff must file her UIM claim to four years from the date of the accident or one year from the date she was aware or should have been aware she had a UIM claim, whichever is later.

10

Four years from the date of the January 10, 2018 accident was January 10, 2022. Although plaintiff does not identify the date on which she became aware or should have become aware she had a UIM claim, she presumably became aware of the extent of her injuries and the limits of the tortfeasor's insurance coverage while her action against the tortfeasor was pending in the Law Division. At the very latest, plaintiff was aware of her UIM claim on May 2, 2022, when she requested USAA's consent to settle her claims against the tortfeasor for less than what plaintiff alleged to be her damages from the accident. One year from May 2, 2022, was May 2, 2023.

Plaintiff's complaint was filed on May 17, 2023, more than a year and four months after January 1, 2022, and fifteen days after May 2, 2023. Thus, under either prong of the contractual limitations period, plaintiff's complaint was untimely.

We are not convinced the policy's conformity-to-law provision incorporates the statutory six-year limitations period into the policy. The provision states, "[i]f any of the terms of this policy conflict with state or local law, state or local law will apply." Plaintiff argues the limitations provision in the policy conflicts with N.J.S.A. 2A:14-1(a) and, as a result, the terms of the statute apply to the policy.

However, State law with respect to the period in which to file a claim for insurance coverage is not limited to N.J.S.A. 2A:14-1(a). As noted above, legal precedents have long permitted parties to an insurance contract to agree to a shorter limitations period than is provided by statute. Thus, State law provides the statutory limitations period applies, unless the parties agree to a different limitations period in their insurance policy. The four-year/one-year limitation period in the policy, therefore, is not in conflict with State law. To hold otherwise, as suggested by plaintiff and NJAJ, would vitiate <u>Azze</u> and the precedents on which it relies. The conformity-to-law provision cannot reasonably be interpreted in such a broad fashion.[1]

Nor did our review of the record reveal a basis on which to apply equitable estoppel to bar USAA from raising the timeliness of plaintiff's complaint. In support of her equitable estoppel argument plaintiff relies primarily on the holding in <u>Price v. New Jersey Manufacturers Insurance Company</u>, 182 N.J. 519 (2005). There, prior to expiration of the applicable limitations period, an

---

[1] We decline plaintiff's invitation to depart from our longstanding precedents to follow the holding in <u>State Farm Fire & Casualty Company v. Riddell National Bank</u>, 984 N.E.2d 655, 657 (Ind. Ct. App. 2013). There, the court held a conformity-to-law provision of an insurance policy required incorporation of a statutory statute of limitations period longer than provided in the policy. <u>Id.</u> at 659.

12

insured's counsel wrote to the insurer requesting that it "establish an uninsured motorists claim file" for the insured. Id. at 522. For the next almost four years, the parties exchanged information about the insured's UIM claim and the insured submitted to a medical examination at the request of the insurer. Id. at 522-23. During the four-year period, the limitations period in the policy for filing a UIM claim expired. Id. at 523.

After expiration of the limitations period, the insured filed a complaint seeking to compel arbitration of his UIM claim. Ibid. The insurer asserted it could not be compelled to arbitrate the insured's claim because of the late filing of the insured complaint. Ibid.

The trial court found the insurer's course of conduct lulled the insured's counsel into a false sense of having timely filed a UIM claim and, as a result, equitably estopped the insurer from avoiding arbitration. Ibid. On appeal, we affirmed, with one judge dissenting, holding the insurer was equitably estopped from raising the timeliness of the insured's complaint because it failed to notify his counsel of its intent to rely on the limitations provision. Id. at 523-24.

The Supreme Court affirmed. Id. at 521. The Court held equitable principles and the covenant of good faith and fair dealing inherent in every insurance contract, see Sears Mortg. Corp. v. Rose, 134 N.J. 326, 347 (1993),

required the insurer to act in a fair manner and notify the insured of the need to file a request for arbitration by a certain date. Price, 182 N.J. at 526. The Court held:

> It was not reasonable for [the insurer] to sit back, request and receive various documents over a three and one-half year period, and then deny plaintiff's claim because he failed to file a complaint in Superior Court or request arbitration prior to the running of the six-year statute of limitations. We agree with the Appellate Division majority that [the insurer] had a duty of good faith to notify plaintiff if it disagreed with his understanding that [it] was duly acting upon his filed claim.
>
> [Ibid.]

Here, however, plaintiff did not inform USAA of her UIM claim until May 2, 2022, after the four-year contractual limitations period expired. Plaintiff could not, therefore, establish any acts by USAA caused her to delay the filing of a timely complaint for UIM coverage. In addition, plaintiff did not establish the one-year contractual limitations period had not expired by May 2, 2022. If plaintiff intended to rely on the one-year period, it was her burden, as the party seeking equitable relief, to prove when the one-year period commenced, that the one-year period ended later than the four-year period, that the one-year period expired while her counsel was exchanging information with USAA, and her

14

counsel was lulled by USAA into not filing a timely complaint. Plaintiff failed to proffer evidence to establish any of these factors.

Plaintiff's claim USAA waived its timeliness defense by not raising it in its answer is not supported by the record. USAA's answer alleged as affirmative defenses both that plaintiff's claims were "barred by the [s]tatute of [l]imitations" and that she "failed to comply with the requirements of the policy." Both defenses provided plaintiff with sufficient notice that USAA alleged her complaint was not timely filed.

To the extent we have not addressed any of plaintiff's and NJAJ's remaining contentions, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). The record establishes the plaintiff agreed to claims limitations periods shorter than those provided by statute, as permitted by our precedents.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1206-23